May it please the court. My name is Lloyd Tooks. I represent the plaintiff appellant Timothy D'Angelo. I believe the salient facts of the case and the sole issue may be summarized in a few sentences. Mr. D'Angelo worked for the Navy Exchange and after being suspended without pay and then terminated he went to the district court in San Diego alleging in his first admitted complaint that his suspension without pay and termination violated his due process rights under the Constitution. The district court judge dismissed the case based on a single opinion. That opinion was that Mr. D'Angelo as an employee of the Navy Exchange which is the non-appropriate non-appropriated funds instrumentality could be terminated without cause and therefore had no constitutionally protected property interest in his employment. Therefore he could not pursue a lawsuit based on a constitutional claim. The issue presented then in this appeal was did the district court err in saying that Mr. D'Angelo could have been terminated without cause. We respectfully submit as we've the court erred. But counsel in fact he wasn't terminated without cause, he was terminated for cause. That's true. And so why isn't any error harmless because he was terminated for cause, he was given the opportunity to contest the reason. So why isn't this no harm no foul? Because he was not given the opportunity of judicial review in the district court. The Supreme Court and an employee, federal employee, even if that federal employee has no rights under any statute at all to pursue a wrong in employment may pursue a constitutional claim regarding his or her employment. I understand that, but when we review the case, we can confirm for any basis finding support in the record. So if we find or we conclude because the constitutional requirements were met, then how is there any harm to the ruling? The harm is this, based on your statement. We have not been given the opportunity to fully show that the constitutional requirements were not met. That's another point of clarification of it. Yes, the First Amendment complaint contains allegations of a constitutional violation. Two specifically, one that his termination was predetermined. It was a charade, the whole administrative process of him being allowed to respond, etc. It was predetermined at the outset that he would be terminated. This Court has held in Matthews that if a governmental entity predetermines or decides beforehand that you're going to be terminated, I'm going to give you notice and you'll have the opportunity to respond, you'll have an opportunity to appeal, but all of that is irrelevant. I'm not going to listen to it. I'm not going to listen to it at all. You're going to be terminated. This Court has held that violates due process, because the opportunity to respond is predetermined at the outset that you're going to be terminated. And the opportunity to receive, hear the evidence that's against you and notice of the charge, all of that may be prefaced by the word meaningful. You have to have a meaningful opportunity to respond. And if you're not given a meaningful opportunity to respond, basically that violates due process. Our second constitutional claim is that the sole charge that he was ultimately removed based on was not a charge that he was given notice of. He's given notice of a charge that he improperly or engaged in an unauthorized special order of products. He responded and the agency or the deciding official basically agreed, you're right. You did have authority to special order that product. However, you didn't pay for the product in a timely manner. It has been determined that you cannot change reasons for termination after you've given the individual the opportunity to respond. The individual can't be permitted to respond and then when the individual defeats your charge, you say, you're right. The charge is no good. But I've got a new charge. But I understand. There was only one upon which determination was sustained. Finally, after all of the appeals, only one. And it was that one charge that waffled. Waffled between unauthorized special ordering of product and you failed to timely pay for the product. But that's the second constitutional charge. The change of a charge constitutional violation. What case are you citing for that? But you cannot, just like the Loudermilk case, which sets forth the... The Loudermilk says if you have a property interest, you are entitled to notice and an opportunity to be heard. Notice of the charge against you. And if you are ultimately terminated based on a charge that wasn't in the notice, that violates the Constitution. Because you never had a reasonable opportunity to respond to it because you weren't put on notice. Exactly. Exactly. So those are the two constitutional arguments we allege in the complaint. You allege them that specifically? Yes. And we not only allege them in the complaint, but it came around to defending on appeal here. And we basically set forth facts that support each of the charges. In the complaint, where is the complaint in the record? Excerpt of record page, beginning of page 11, first amendment complaint. Could you, just a second, I want you to point me to the language where you talked about the reason was changed and it was predetermined. Page 13 of the excerpt of record, beginning of page 13, beginning of line 12, paragraph 12. We say the suspension of plaintiff and subsequent termination of his employment violated his constitutional rights, including but not necessarily limited to the right to due process. I see under C where you said his subsequent termination decision, line 24, accepted the fact of plaintiff's authorization but broached an entirely different charge. Yes. As support for the termination decision. Okay. And then go to page 14 under G. The Navy exchange predetermined prior to plaintiff's suspension and employment that a plaintiff would be terminated. You specifically stated that. Okay. And then where did you allege those as constitutional, the aforementioned conduct violated plaintiff's constitutional rights? Page 13. I see it. All right. If you want to stay some time for rebuttal, maybe we should hear the government's response. Thank you, Your Honor.  Please proceed, counsel. May it please the Court, good morning. My name is Melanie Andrews. I'm a special assistant to the United States Attorney, and I'm representing the Secretary of the Navy. We asked that this Court affirm the decision in the district court. We realized that the district court, when it made its analysis into whether or not Mr. D'Angelo had a property interest, did not go beyond the Civil Service Reform Act. But we recognize that the DOD regulations as well as the Navy regulations did, in fact, afford him a property interest. So you concede that point. Yes, we do. Okay. So basically you're asking us to affirm on another basis. Yes. Yes, we are. And as Judge mentioned earlier, that there is case law to support the Court's ability to do just that. So tell us why we should nevertheless affirm the dismissal. For two reasons, Your Honor. Number one, there are allegations in the First Amendment complaint that are not constitutionally based. They are allegations that, in essence, are indications that the appellant was not happy with the outcome of the decisions that initially his supervisor in determining that certain charters were sustained or all the charters were sustained, and then that termination was appropriate. Appellant was not happy. What about his assertion that there was a violation of due process and that the original reason he was given for his termination was changed and that the outcome was predetermined? Your Honor, again, the issue there involves whether or not the appellant had the opportunity to pursue those matters at the administrative level, and those opportunities from a procedural point of view were waived. He had the opportunity after he was notified of termination to request. Isn't there a fact question there, whether he had an opportunity? Because he says that in the administrative procedure, he didn't get any response to his letter, to one letter. He got no response at all. And in another, I guess he had an attorney send a letter for him, and in that one, the response was the one where he shifted the goalposts on him. Your Honor, the first letter I believe the Court's referring to is the one that was sent by counsel after the emergency suspension was, or the appeal of the emergency suspension was denied. In that particular letter, when the appeal was denied, there was further guidance in the letter indicating that that denial could be appealed to the head of the native exchange. Prior to that, in the letter notifying Mr. D'Angelo that he was going to be placed on emergency suspension, at the very bottom of that letter, there was a point of contact listed so that if Mr. D'Angelo or any representative of his had any questions about the procedures, they were given the name and number of a human resources representative who was available to answer any questions. So the native exchange provided him with guidance as to what was expected to, how the process was to run, as well as gave him the name and phone number of an individual who was available to answer his questions. Yes, sir. Did the district judge hold that that was due process? The district court never got to these issues, sir, because, as Mr. Tulsa pointed out and we've already acknowledged, the district court limited its analysis to the civil service reform act. Right, right. Well, of course, that's been taken care of. Yes, sir. Yes, sir. The other, sorry. Doesn't the naval exchange handbook also describe the process that's supposed to be followed? It does in much detail, Your Honor, and also I'd like to point out to the court that in the correspondence that went back and forth between the appellant and the native exchange, the native exchange manual was referenced by both sides, with the assumption that both sides were fully aware of the steps to be followed in the process. And so, again, those steps included with the emergency suspension, the right to appeal emergency suspension after a 30-day length. The emergency suspension, to point out to the court, at the time there were no charges pending. The determination was made that while these charges were pending, he should be sent home in a no-pay status. However, because the investigation exceeded beyond 30 days and no decision at that time, at the 30-day mark, was decided about what following action would be taken, if any, the exchange afforded him the right to appeal. And it made it very clear, the manual made it very clear that the basis of that appeal was to determine whether or not he, in fact, should be required to stay home in a non-pay status while the matter was pending. So, therefore, the exchange would have expected to address arguments to the effect, perhaps, the matter was remote, he didn't need to be at home in a no-pay status pending the investigation, his employment history, all those things that would have helped the exchange, and specifically the supervisor, determine whether or not staying in a suspended status pending the determination of what charges were going to result, if any, were the things that would have been addressed on the appeal, not the actual merits of the underlying investigation. What was the remedy was he asking for? At the court, sir? Reinstatement, well, in the administrative proceedings. Reinstatement or suspension of the termination order or withdrawal of the termination order, what was he asking for? In the administrative proceedings, initially, when the emergency suspension appeal was denied, he asked for further clarification about the procedures themselves. And upon no response from the Navy, the district court action was initiated. So I'm not really sure, sir. So in the district court, was he asking for reinstatement? He'd already been terminated by the time he got to the district court. No, sir. The termination occurred while the district court action was pending. Was he asking for equitable relief? Yes, Your Honor. And he couldn't ask for that? Correct. So he was just asking for equity? Reinstatement, yes, sir. I'd like to address a point counsel made about the Matthews case. And I just want to distinguish that case from a factual difference. In the Matthews case, the teacher was involved with helping students dispose of contraband at the school. And through the course of the investigation, there were public hearings that were held by the school board. And Ms. Matthews was present at those hearings, but didn't really have the opportunity to address the specific matters that pertained to her. And it was subsequent to those hearings that she was notified that she would be terminated. But in this case, a number of things were different. Number one, there were no public hearings that we held, the Navy held, which would not affect the stigma of a liberty interest, number one. And then number two, Mr. D'Angelo was given notice and an opportunity to respond to the charges that were levied against him prior to his termination. So there was a meaningful opportunity for him to comment on the charges and defend them. On the issue of the colorableness of claims, Your Honor, we'd like to bring your attention to the Hoy case that was decided here in the Ninth Circuit. And we're concerned that this case would be an example that Hoy is trying to prevent. Anytime an employee is not happy with the outcome of an action against him or her, it would be really easy for an employee to make allegations that don't have merit in court. In order to otherwise attain judicial review that they don't have. In this case, we believe that is the case. And so with that, on that note, we're asking that this Court find consistent with Hoy that the claims that Mr. D'Angelo is making don't have merit. He's just not happy with the outcome of the decisions that were made against him. And further, the reason why they're not without, that they're without merit is because he was given notice and an ample opportunity to respond to the charges against him. He was given opportunity for two hearings, which he waived. And at that time with those hearings, he could have required the Navy Exchange to set forth the information. He could have challenged the decisions that were ultimately determined to be the case by the initial supervisor and then through the administrative appeal process. But he himself chose not to pursue those avenues of redress, but now seeks judicial review of those matters that he, in fact, waived. Mr. Andrews, you are conceding, though, that the district court erred in its finding of no protectable property interest, or not? I just want to make sure I understand the government's view. As much as we don't like to say that a court may have erred in a finding, we do concede that Mr. D'Angelo does have a protected property interest. Thank you. Your Honor, counsel for the agency repeatedly said that Mr. D'Angelo had all the rights, all the rights to the property, and all the rights and his claim doesn't have merits. With respect to his claim not having merits, we haven't had the opportunity But why would you waive the opportunity to have a hearing at the Navy if you wanted to air out the merits, not you? Why would your client not take advantage of the opportunity to present his side of the case to the Navy in an administrative setting if he wanted to have his say? We didn't get that opportunity. We didn't get that opportunity because there are two levels of appeal. The first level of appeal is the level, as I noted in my brief, the level of appeal where I requested the appeal on behalf of my client, and in the letter requesting the appeal, I asked for the charges. Why is he being removed? And basically, we didn't get the opportunity to have that information presented to us. Well, so is your position that if you didn't get the information you wanted, you weren't going to participate in the hearing? No, no, that wasn't it at all. Why did your client attend the hearing that was available, or request the hearing that was available? My client, with respect to his termination, what happened was this, as happens in all federal cases. His removal was proposed. We responded to the proposed removal. There's no absolute right to a hearing there. Were you afforded a right to a hearing? No, we were afforded the right to respond to the proposal to remove, and we did respond. There's no right to a hearing there, no. Not there, but at some point, did you have the opportunity to appear at a hearing? I don't believe we had the opportunity to appear at the removal. With respect to the suspension, yes. And we didn't, because at the time we could have had the hearing, we didn't have the reasons for the suspension. And the suspension appeal, that was at the first level of the suspension appeal, we did have a right to a hearing. When I appealed the suspension and requested the documentation, the response I got back was appeal denied. But any time you have a right to a hearing and you don't take advantage of that right, that's where you get the information that you need, that's where you find out what the Navy's position is. I respectfully disagree, Your Honor. You're supposed to find out what the Navy's position is before that. Maybe they didn't give it to you to your satisfaction, but they gave you what they thought were the reasons that supported the suspension. No, they did not give us anything. Not before they denied the appeal, they gave us nothing. We found out the reasons for the suspension in the same memo that denied the appeal. For the suspension. For the suspension, right. So you're saying that there should have been a hearing pre-termination, you're not entitled to a hearing because the suspension is not termination. Right, exactly. And you are not entitled to a full hearing pre-termination. The Supreme Court and lot of them have said that. What you're entitled to are three things. Notice of the charges, an opportunity to respond. But if you don't get that, that can be cured if you're given a post-termination hearing. No. Yes, it can be cured. Lot of milk says if you have a property interest in employment, notice, opportunity to respond are pre-termination requirements. Exactly. But if that is not done, all you get is damages between the time that you were suspended without the hearing and the time that you actually get a hearing, post-termination. That's what the lot of milk says. If you don't get a hearing and you get a post-termination hearing, that cures any defect in failing to have a pre-termination hearing. So you don't have an absolute right to have a pre-termination hearing. All you have is damages between the time that you were deprived of the hearing and the time that you actually get a hearing. Two responses, Your Honor. A plaintiff or a federal employee does not have a right to a hearing under any circumstances. The only right is... I'm using hearing in the due process sense, that you have an opportunity to make your views known. Okay. You have the opportunity and we did that. And I would respectfully disagree, if I heard you correctly, Your Honor, that if you don't get notice or an opportunity to respond before you're terminated, as long as they do it after you're terminated, that cures it. That's absolutely right. I've had this for a long time before I got on the bench. I don't find it a lot of... And I know that's what the law says. Okay. Then I would be in error there, because I have read the law to say you have to have the right before you're terminated. Okay. So what do you think the law says? If that right is not afforded you, and then you're terminated and you have a hearing, are you saying that, what, you still get damages? I mean, if you have a hearing, there is no harm at that point. If you have a hearing after you're terminated, how have you been harmed? Only in the sense that the Constitution requires that you be afforded the hearing before you're terminated. It is a constitutional harm. That's all I can say. Thank you very much.
judges: Aldrich, Bennett, Goodwin